[Civ. No. 25317.   Second Dist., Div. One.   July 24, 1961.]

GEORGE O. WEST et al., Appellants, v. ANCHOR CASU-
ALTY COMPANY (a Corporation) et al., Respondents.

James R. McGrath for Appellants.

Parker, Stanbury, Reese & McGee and J. H. Peckham for
Respondents.

FOURT, J.—This is an appeal from a judgment in favor
of respondents after their demurrer to the first amended com-
plaint was sustained without leave to amend.

This court, pursuant to the Rules on Appeal, has ordered
the original superior court file to this court for consideration
to the end that we have before us the entire record in the case.

In the first amended complaint filed on August 26, 1960,
the plaintiffs, who are attorneys at law, alleged among other
things, the following: That the Anchor Casualty Company
(hereinafter referred to as company or insurance company)
is a corporation doing business in California; that R. B. Weiss,
John Dowling and others (hereinafter referred to as com-

pany's agents), were agents of the insurance company acting within the course of their employment; that on January 16, 1960, plaintiffs and defendants Freddie Leroy Johnson and Erma Geraldine Johnson made an oral contract whereby the attorneys were to prosecute for the Johnsons an action against Doris Jean Pearson for the recovery of damages caused to the Johnsons by Pearson as a result of an automobile accident which occurred on December 25, 1959. The attorneys were to be paid 33⅓ per cent of all sums received for the prosecution of a settlement if such settlement was made before pretrial and 40 per cent of such amounts if the matter was settled thereafter and the attorneys were to have a lien upon all funds received by them from said proceedings or settlement.

It was further alleged that Pearson was insured by the insurance company. The Johnsons agreed to pay all costs, including investigation costs and other costs incurred in the preparation and trial of the case and further agreed that they, the Johnsons, would not settle or dispose of the action or proceedings without the consent of the plaintiffs. The attorneys commenced and performed all of the necessary services, including the compilation of factual material. After the attorneys had expended their time, money and effort the Johnsons secretly, on April 3, 1960, compromised their claim with the insurance company, acting fraudulently and collusively with the company and a release was executed by the Johnsons whereby they released Pearson of all claims. It was further alleged that a proper settlement would have been for not less than $10,000, of which one-third thereof should have been paid to plaintiffs as attorneys.

In a second cause of action the plaintiffs realleged the allegations contained in the first cause of action and further stated that on April 3, 1960, the insurance company and its agents, with full knowledge of the contract and intending to injure, destroy and otherwise interfere with the prosecution of the attorneys' business, did fraudulently and maliciously persuade the Johnsons to repudiate and cancel the contract and induced the Johnsons to execute a release of all their claims against Pearson arising out of the accident. Further it was alleged that the Johnsons would not have breached the contract but for the fraudulent conduct of the insurance company and its agents; that there was no justification for the acts of interference with the contractual relations between the plaintiffs and the Johnsons.

In a third cause of action the plaintiffs made certain allega-

tions against the Johnsons only. The Johnsons answered the complaint by denying in effect that they ever entered into a contract with the attorneys or either of them and admitted that they did settle the case with the insurance company, through no fraud upon their part or of the insurance company.

In a fourth cause of action the major allegations of the first cause of action were realleged and further it was stated that the insurance company negligently and recklessly settled the case with the Johnsons.

The fifth cause of action did not involve the insurance company.

The sixth cause of action set forth, among other things, that the insurance company knew of the fiduciary relationship between the plaintiffs and the Johnsons and that it and its agents maliciously took advantage of and defrauded the attorneys and conspired with the Johnsons to make a settlement of their claim and thereby deprive the attorneys of their fees. As a result of the conspiracy the Johnsons did release their claim and the insurance company profited thereby and the attorneys were damaged by at least one-third of $10,000.

In a seventh cause of action it was alleged that the Johnsons compromised their claims by fraudulent means.

It was conceded that the attorneys notified the insurance company to the effect that they represented the Johnsons in the matter in question.

In *Herron* v. *State Farm Mutual Insurance Co.* (1961), 56 C.2d 202 [14 Cal.Rptr. 294, 363 P.2d 310], the Supreme Court held under substantially similar circumstances as exist in the case before this court that a demurrer should be overruled. No useful purpose would be served in restating the matters fully set forth and stated in the *Herron* case. Stripped of all the verbiage the essential allegations of the amended complaint before this court and the allegations of the complaint in the *Herron* case, as summarized by the Supreme Court in its opinion, are substantially the same. We think the holding in the *Herron* case is dispositive of the case before us.

The judgment is reversed with directions to overrule the demurrer.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied August 10, 1961, and respondents' petition for a hearing by the Supreme Court was denied September 20, 1961.