**DOMBEY, TYLER, RICHARDS & GRIESER, Plaintiff,**

**v.**

**DETROIT, TOLEDO AND IRONTON RAILROAD COMPANY, Defendant.**

**No. 5997.**

United States District Court
S. D. Ohio, E. D.
Jan. 15, 1964.

C. Richard Grieser, Columbus, Ohio, for plaintiff.

John D. Holschuh, Columbus, Ohio, for defendant.

WEINMAN, Chief Judge.

This is an action by a partnership of attorneys who seek to obtain from defendant twenty-five percent (25%) of the amount paid by the defendant railroad company in settlement of a claim of one of its employees who was injured October 11, 1960.

The complaint alleges that plaintiff firm entered into an agreement with Carl K. Craig whereby Craig retained plaintiff as his attorneys and gave the attorneys the exclusive right to prosecute his claim for damages against the defendant railroad company for injuries sustained by him on October 11, 1960 while he was employed by defendant. The agreement further provided that in consideration of the services rendered, the attorneys would receive twenty-five percent (25%) of whatever sum might be recovered through suit or settlement.

The complaint then alleges that defendant, with notice and knowledge of the aforementioned agreement between plaintiff and Craig, and without the consent of plaintiff, negotiated directly with Craig and induced him to enter into a settlement agreement with defendant to the exclusion of plaintiff, to breach his agreement with plaintiff, to attempt to rescind the agreement and to send a letter to the attorneys dismissing them as counsel.

The complaint further alleges that for the purpose of inducing Craig to settle his aforementioned claim directly with defendant to the exclusion of plaintiff, and as a further part of the aforementioned settlement agreement, the defendant promised Craig that the defendant would pay the attorneys' fees owed to plaintiff over and above the settlement of Fifty Thousand Dollars ($50,000.00). The plaintiff then prays for judgment in the sum of Twelve Thousand Five Hundred Dollars ($12,500.00) with interest from November 17, 1960, as provided by law, and costs.

The defendant's answer, for its first defense, denies the foregoing allegations. For its second defense, defendant states that the agreement entered into by plaintiff and Craig on November 14, 1960, was champertous, contrary to public policy, not the voluntary act and free act of Craig and was illegal, unenforceable and void. And for its third defense, defendant states that if the plaintiff had any right to receive a fee based upon a percentage of the agreement between plaintiff and Craig, then the plaintiff waived and relinquished any such right by virtue of an agreement to charge Craig only a nominal fee for services, if any, performed by it prior to November 17, 1960, which agreement was made November 17, 1960.

The Court has carefully considered all the evidence submitted in this case and, having concluded that it has jurisdiction of the subject matter and of the parties, now states the facts as found by the Court.

Carl K. Craig, an employee of the Detroit, Toledo and Ironton Railroad Company, was injured on October 11, 1960, and was immediately taken to the Oak Hill Clinic at Oak Hill, Ohio, where his left leg, which had been crushed in the accident was amputated above the knee.

Within a day or two after the accident a man named Don Taylor came to the hospital to see Craig, who was at that time still under heavy sedation. Taylor told Craig that he was an accident investigator for the Brotherhood of Railroad Trainmen. Taylor asked Craig to turn his case over to him or people he represented, which was a law firm in Chicago, Illinois, Hensley, Monek and Hensley. That law firm is regional counsel appointed by the Brotherhood of Railroad Trainmen. Craig refused to turn his case over to Taylor or the Chicago law firm and he told Taylor that he did not want the attorneys from Chicago. Notwithstanding this refusal, Taylor made four or five more unsuccessful attempts to induce Craig to change his mind.

Thereafter, Earl Crawford, a local lodge chairman of the Brotherhood of Railroad Trainmen, called at Craig's home and asked Craig if he would see the Dombey people, a Columbus, Ohio law firm. That firm, Dombey, Tyler, Richards and Grieser is also legal counsel for the Brotherhood of Railroad Trainmen. Crawford thereafter set up a meeting between Craig and the Dombey firm and on November 14, 1960, Alex Dombey and William A. Richards called on Craig at his home. On that day, the following

agreement was voluntarily and freely entered into by the parties thereto.

"THIS AGREEMENT made this 15th day of November 1960, by and between Carl Craig of Springfield and the Law Firm of Dombey, Tyler, Richards & Grieser. I hereby retain the above attorneys and give them the exclusive right to prosecute my claim for personal injuries sustained Oct. 10 1960 at Jackson, Ohio, against The D T & I Railroad. Said attorneys in consideration of services rendered, shall receive 25 percent of whatever sum may be recovered through suit or settlement and any settlement shall be made only with my consent.

/S/ CARL KEITH CRAIG
Client

The above named attorneys hereby accept and agree to this employment agreement.

/S/ ALEX S. DOMBEY
Attorney"

On November 17, 1960, two representatives of defendant, Wayne Woodard, a claim agent, and A. T. Ward, a trainmaster, called on Craig at his home to discuss with him settlement of any claim he might have as a result of his injury. During the course of that conversation Craig told the defendant's representatives that he had "signed with the Brotherhood attorneys." Subsequent to that, the defendant's representatives made an offer to Craig of Fifty Thousand Dollars ($50,000.00). Craig requested that they give him an hour to consider the offer and to discuss it with his wife. They left the house and while they were gone Craig did discuss the matter with his wife and also called Crawford to tell him of the settlement offer. Crawford told Craig that he would call him back in half an hour. Crawford called Richards at Columbus who in turn called Dombey at his home in Columbus. Dombey thereupon called Craig. Dombey told

Craig he would be a "damned fool" to accept the offer but that he would not stand in the way of Craig's settling the case, if that was what Craig wanted, but that he would expect responsible parties to take care of the fee.

While Craig and Dombey were talking on the telephone, Woodard, the claim agent, returned to Craig's home and he also spoke to Dombey. Dombey informed him that he expected the defendant railroad company to take care of plaintiff's fee, which was based upon a contingent fee contract, in the event that a settlement was reached with Craig. Thereafter, on the same day, Craig and the defendant agreed to a settlement of Craig's claim for Fifty Thousand Dollars ($50,000.00). Craig, however, as a result of his conversation with Dombey and as a condition of and prior to the settlement, insisted upon and received a written letter agreement, signed by Woodard which set forth that the defendant would be responsible for any settlement to be made to the law firm of Dombey, Tyler, Richards and Grieser for any fees owed to them until 11:30 P.M., November 17, 1960. That agreement reads as follows:

"General Headquarters
Dearborn, Michigan
November 17, 1960

Mr. & Mrs. Carl K. Craig:

This is to confirm the agreement made between you and the Detroit, Toledo & Ironton Railroad Company, being represented by Wayne Woodard, Ass't Claim Agent. Be it understood upon settlement being made for $50,000.00, we the D. T. & I. Railroad Company will be responsible for any settlement to be made to the law offices of Dombey, Tyler, Richards and Grieser, of the Fifth Floor, 8 East Broad St., Columbus 15, Ohio, for any fees that is owed to them till 11:30 P.M., November 17, 1960.

Also be it understood that settlement being made at this time we will be responsible for the doctor fees, artifi-

## 348

cial leg and physical thereapy that will be required by Mr. C. K. Craig, until released by Dr. J. H. Rinehart.

/S/ Wayne A. Woodard

Sworn to before me and subscribed in my presence, this 18th day of November, 1960.

/S/ Elmer P. Schmidt
Notary Public
Notary Public, Clark County, Ohio
My Commission Expires Dec. 6, 1961"

On that same day, the representatives of the defendant prepared a letter which was signed by Craig and forwarded to the plaintiff law firm. That letter provides as follows:

> "247 Corlington Drive
> Springfield, Ohio
> November 17, 1960
>
> Dombey, Tyler, Richards
>    and Grieser
> Fifth Floor, 8 East Broad
>    Street
> Columbus 15, Ohio
> Dear Sir:
> In confirmation of our telephone conversation as of 11:30 P.M. on November 17, 1960, I have decided to negotiate a settlement with the Detroit, Toledo & Ironton Railroad Company in my own behalf.
> This will be a notice that your services are no longer needed. You may issue a bill for services thus far rendered.
> > Sincerely yours,
> > /S/ C. K. CRAIG"

■ The manner in which the defendant railroad company, through its representatives, effected the settlement with Craig, and especially the inducing of Craig to sign and mail the above quoted letter of November 17, 1960, constituted intentional interference with the contractual relationship between plaintiff and Craig. When the company representative included in the letter the following sentence: "You may issue a bill for services thus far rendered" he knew that Craig's contract with the plaintiff firm was a contingent fee contract and the fee was based upon the amount of the settlement and not upon "services thus far rendered." Defendant, by this action, was inducing Craig to rescind his contract with plaintiff.

Upon the foregoing facts, the Court concludes that plaintiff is entitled to judgment in its favor. See Herron v. State Farm Mutual Insurance Company, 56 Cal.2d 202, 14 Cal.Rptr. 294, 363 P.2d 310 (1961) and cases cited therein. See also Roberts v. Montgomery, 115 Ohio St. 502, 154 N.E. 740 (1926) and Scheinesohn v. Lemonek, 84 Ohio St. 424, 95 N.E. 913 (1911).

■ The affirmative defenses, being the second and third defenses, raised by defendant may be disposed of simply. As to the second defense, a contract such as the one between plaintiff and Craig, being a contingent fee contract, is neither champertous nor contrary to public policy. Davy v. Fidelity and Casualty Insurance Company, 78 Ohio St. 256, 85 N.E. 504, 17 L.R.A.,N.S., 443 (1908) and Cleveland Railway Co. v. Godfrey, 28 Ohio Law Rep. 466 (1928). And the Court has found as a fact that the contract entered into was the voluntary and free act of Craig and accordingly was legal and enforceful.

As to the third defense, that plaintiff waived and relinquished its right to receive a fee based upon a percentage by virtue of an agreement to charge only a nominal fee for services, the Court cannot find any facts to warrant such a waiver. The Court does not believe that an experienced personal injury attorney would waive a valuable contractual right of his and three other attorneys by telling a client over the telephone that he would charge only a nominal fee.

There are several other points raised by defendant in its briefs upon which the Court will comment.

■ The defendant has advanced the argument that there was a want of consideration on behalf of plaintiff in the contract between plaintiff and Craig.

The Court disagrees (Note that the Court has assumed, without deciding, that defendant herein is a proper party to raise this argument). Upon the signing of the contract, Craig was entitled to professional advice; that is consideration. In fact, Craig did receive advice from Dombey on November 17 when Dombey said that he (Craig) would be a "damned fool" to accept the offer of Fifty Thousand Dollars ($50,000.00).

The defendant also argues that it had a right to make a direct settlement with Craig although it had knowledge of the contingent fee contract. In support of its argument, defendant cites Davy v. Fidelity and Casualty Insurance Company, 78 Ohio St. 256, 85 N.E. 504, 17 L.R.A.,N.S., 443 (1908); Lewis v. Lewis' Adm'x, 15 Ohio 715 (1846); Key v. Vattier, 1 Ohio 132 (1823) and Emslie v. The Ford Plate Glass Co., 15 Ohio Cir. Dec. 548, 1 Ohio Cir.Ct.R.,N.S., 603 (1903). However, that is not the question before the Court. The question before the Court is plaintiff's right to recover its fee from defendant, the defendant having effected a settlement with Craig, agreeing as a part of that settlement to be responsible for any settlement to be made to the plaintiff law firm, and having intentionally interfered with the contractural relationship between plaintiff and Craig.

And finally, the defendant has argued that the contract between plaintiff and Craig is void because of the activities of the Brotherhood of Railroad Trainmen in arranging or promoting the contract for an attorney to represent one of their members and because of a violation of the code of legal ethics by the attorneys in this case. This argument is not well taken because the Court has found the contract in question to have been entered into voluntarily and as the free act of the parties. The matters raised by defendant should, if defendant believes them to have merit, be presented to the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio for its consideration.

This opinion shall be considered as the Court's Findings of Fact and Conclusions of Law as required by Rule 52(a), Federal Rules of Civil Procedure.

## JUDGMENT

The Clerk shall enter judgment against the defendant, Detroit, Toledo and Ironton Railroad Company and in favor of plaintiff, Dombey, Tyler, Richards and Grieser in the sum of Twelve Thousand Five Hundred Dollars ($12,500.00), with interest from November 17, 1960, as provided by law.