[Civ. No. 39062. Second Dist., Div. Three. July 25, 1972.]

CULCAL STYLCO, INC., et al., Plaintiffs and Appellants, v. VORNADO, INC., et al., Defendants and Respondents.

## COUNSEL

Ball, Hunt, Hart, Brown & Baerwitz and Joseph D. Mullender, Jr., for Plaintiffs and Appellants.

Tyre & Kamins and Peter M. Appleton for Defendants and Respondents.

## OPINION

**COBEY, J.**—Plaintiffs, Culcal Stylco, Inc. and eight other corporations, appeal the dismissal of defendants, Vornado, Inc., Unimart, Inc. and Del Amo Holding Corporation, from an action against them and other defendants. The dismissal followed the sustaining, without leave to amend, of a

general demurrer by these three defendants to plaintiffs' first amended complaint against them for interference with business relations and contractual rights. The demurrer was sustained on the basis that the complaint showed on its face that the interference of these three defendants with certain license agreements was justified by reason of their all being members of the same business family as the licensor, Food Giant. In other words, the trial court impliedly found on the basis of the complaint alone that the contractual interference alleged against these three defendants was reasonable due to their business and corporate relationships to Food Giant.

According to the first amended complaint, in or about April 1967 each plaintiff entered into a contract with Food Giant pursuant to which Food Giant granted to each a license to occupy a portion of a Unimart store and to operate there a retail shoe department. These contracts granted to plaintiffs rights to occupy the various specified premises until October 31, 1972, except that on or after October 31, 1969, each party to each contract had the right to terminate it without cause upon six months' written advance notice to the other. In or about late 1968 or early 1969 each of the numerous defendants (Food Giant presumably excepted) with knowledge of the terms of the license agreements "intentionally and without justification" and acting together induced Food Giant to terminate the license agreements, to require plaintiffs then to vacate the licensed premises and to place immediately the shoe departments involved in charge of a competing group of corporations, all of whom are named defendants in the action. In the damage allegations of the complaint it is further alleged that the inducement of this breach of contract was done "willfully, wantonly and maliciously" by each of the defendants who were also alleged by this conduct to have been guilty of oppression, fraud and malice. Finally, in the first amended complaint, Food Giant was alleged to be a subsidiary of Vornado, Unimart, a division and subsidiary of Food Giant and Del Amo, a subsidiary of either Vornado or Food Giant.

■ Justification for inducing breach of contract by lawful means is an affirmative defense unless the facts constituting the justification appear on the face of the complaint. (*Herron* v. *State Farm Mutual Ins. Co.,* 56 Cal.2d 202, 207 [14 Cal.Rptr. 294, 363 P.2d 310].) The three demurring defendants assert that this is the situation here in view of the just-summarized allegations of corporate and business relationships between them and Food Giant. Plaintiffs reply that these relationships are insufficient in themselves to render the alleged conduct of these three defendants privileged and that in any event this status is negated by the further allegations that the charged conduct was engaged in "without justification," "willfully, wantonly and maliciously" and also fraudulently and oppressively.

■ In view of these conflicting positions of the parties, we must first determine whether the relationships of these three defendants to Food Giant made their conduct privileged. Section 769 of the Restatement of Torts (1939), as proposed for revision in tentative draft No. 14 (1969), says in relevant part at page 75: "One who has a financial interest in the business of another is privileged purposely to cause him not to perform a contract with a third person . . . if the actor (a) does not employ improper means, and (b) acts to protect his interest from being prejudiced by the contract . . . ."[1] Comment (a) to section 769 reads: "The financial interest in another's business requisite for the privilege stated in this Section is an interest in the nature of an investment. A part owner of the business, as for example, a partner or stockholder, has at least such an interest. But a bondholder or other creditor may also have it. . . ."

It seems clear that neither Unimart nor Del Amo, as subsidiaries of Food Giant or Vornado[2] has the requisite proprietary or creditor's financial interest in Food Giant to render their alleged interference with Food Giant's license agreements with plaintiffs privileged as a matter of law. A subsidiary probably possesses an economic interest in the success of its parent, particularly in the parent's operation of the subsidiary as a division, but an interest of this character can constitute a justification for intentional interference with contractual relations only under section 767 of the Restatement of Torts.[3] The facts relating to this basis for the privilege, aside from the corporate and business relationships themselves, do not appear on the face of the complaint. This being so, the privilege of these subsidiaries to engage in the conduct charged against them is a matter for affirmative defense and proof thereof. Accordingly, their general demurrers to plaintiffs' first amended complaint should have been overruled.

On the other hand, Vornado, as the parent of Food Giant, comes within section 769. In *Collins* v. *Vickter Manor, Inc.,* 47 Cal.2d 875, 877, 879,

---

[1] The tentative revision of the section, which is the latest we have been able to find, differs from the original section which expressly did not apply to breaches of contract. (See Com. d.) In the tentative revision it was noted at page 75 that this proposed change was in line with the little authority that existed.

[2] A parent corporation is one which has working control through stock ownership of its subsidiary corporations. (Cf. Corp. Code, § 118.)

[3] Section 767 reads: "In determining whether there is a privilege to [interfere with the economic relations (including contractual relations) of another] . . . the following are important factors:

"(a) the nature of the actor's conduct,
"(b) the nature of the expectancy with which his conduct interferes,
"(c) the relations between the parties,
"(d) the interest sought to be advanced by the actor and
"(e) the social interests in protecting the expectancy on the one hand and the actor's freedom of action on the other hand."

883 [306 P.2d 783], and *Kozlowsky* v. *Westminster Nat. Bank,* 6 Cal.App. 3d 593, 595-596, 598-600 [86 Cal.Rptr. 52] (both reversals of dismissals following sustaining of general demurrers) our Supreme Court and division four of this district held, however, that the defendants, being the principal owners of a business, without more, did not make their intentional interference with a contract of the business privileged as a matter of law— that is, privileged "under all conceivable circumstances." The privilege that arises by reason of section 769 is at most a qualified one dependent for its existence upon the circumstances of the case. It is essentially a state-of-mind privilege and therefore its existence cannot normally be satisfactorily determined on the basis of pleadings alone. (See *Tye* v. *Finkelstein* (D. Mass. 1958) 160 F.Supp. 666, 668.) The resolution of the issue turns on the defendants' predominant purpose in inducing the breach of the contract. (See Prosser, Torts (4th ed. 1971) § 129, p. 943.) This is preferably a matter to be determined on the basis of proof rather than of pleading.

In this connection we note further that the complaint under review contains conclusionary allegations to the effect that all three demurring defendants, among others, intentionally interfered with the license agreements of Food Giant "without justification," "willfully, wantonly and maliciously" and in so doing were guilty of oppression and fraud as well. Unless these conclusionary allegations be disregarded completely as surplusage (see *Wise* v. *Southern Pacific Co.,* 223 Cal.App.2d 50, 73 [35 Cal.Rptr. 652]; *Marin* v. *Jacuzzi,* 224 Cal.App.2d 549, 552 [36 Cal.Rptr. 880]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 271, 810, pp. 1943, 2419), they suggest an absence of privilege. (See *Kozlowsky* v. *Westminster Nat. Bank, supra,* 6 Cal.App.3d 593, 600.) ■ Since a complaint must be liberally construed with a view to substantial justice to the parties (see Code Civ. Proc., § 452), an action should not be dismissed for errors in the form of essential allegations. (See 3 Witkin, *op. cit.,* Pleading, § 844, p. 2449.)

The order of dismissal is reversed as to Vornado, Inc., Unimart, Inc. and Del Amo Holding Corporation, and the superior court is directed to overrule the general demurrer of these defendants to the first amended complaint.

Schweitzer, Acting P. J., and Allport, J., concurred.