[Civ. No. 41868. Second Dist., Div. Five. May 29, 1974.]

ABRAMS & FOX, INC., et al., Plaintiffs and Appellants, v. JOANNE S. BRINEY et al., Defendants and Respondents.

**COUNSEL**

Abrams, Fox & Gibson and Harry D. Fox for Plaintiffs and Appellants.

E. Robert Lemkin for Defendants and Respondents.

## OPINION

**ASHBY, J.**—Plaintiffs Abrams & Fox, Inc., a law corporation, and Martin L. Abrams appeal from a judgment entered for defendant Allan K. Briney when plaintiffs declined to amend their complaint following the trial court's sustaining of defendant's demurrer with leave to amend.

According to the allegations of the first amended complaint plaintiffs entered an oral agreement on July 14, 1970, with Joanne S. Briney (Wife) to provide legal representation for her in marriage dissolution proceedings against defendant Allan K. Briney (Husband). Under the agreement Wife agreed to pay costs and reasonable compensation for legal services rendered, less any amounts paid by Husband on account of attorney fees and court costs pursuant to court order or otherwise. Plaintiffs represented Wife in the contested proceedings in the trial court, which resulted in a final judgment of dissolution on June 23, 1971, and continued to represent Wife in the Court of Appeal until January 25, 1972, when Wife discharged plaintiffs as her attorneys without cause. The reasonable value of services rendered by plaintiffs as of January 25, 1972, was $9,025 and plaintiffs advanced costs of $510.35 on behalf of Wife. Pursuant to court order plaintiffs received from defendant Allan K. Briney a net sum of $2,486 and plaintiffs received $350 from Wife, leaving the sum of $6,699.35 due, owing and unpaid from Wife.

Plaintiffs filed suit against Husband and Wife to recover the $6,699.35 based upon the following causes of action stated in the first amended complaint:

First cause of action (against Wife): breach of contract.

Second cause of action (against Wife): account stated.

Third cause of action (against Wife): quantum meruit.

Fourth cause of action (against Husband and unnamed Doe defendants): for inducing termination of contract.

Fifth cause of action (against Husband and unnamed Doe defendants): conspiracy to induce termination of contract.[1]

This appeal does not concern the first three causes of action against Wife, and hereinafter we refer to Husband as defendant. Defendant filed a demurrer to the fourth and fifth causes of action of the first amended complaint which was sustained by the trial court with leave to amend.

---

[1]As to the fifth cause of action plaintiffs also sought punitive damages.

Judgment was granted for defendant when plaintiffs declined to amend, and it is that judgment which concerns us here.

As to the fourth cause of action it was alleged that on or about October 12, 1971, defendant (and unnamed Does) with knowledge of the contract between Wife and plaintiffs wrongfully, improperly and unjustifiably induced Wife to terminate the contract. Defendant induced such breach to further his own monetary interests "for the specific purpose of denying plaintiffs . . . their opportunity to obtain an order for reasonable attorney fees against defendant . . . in the Appellate Courts" and with the additional object of denying Wife the marital rights to which she was entitled. Defendant was earning in excess of $10,000 per month, whereas Wife, who "subsequent to the dissolution of marriage wished to remain . . . defendant's wife," was without property or estate to pay reasonable attorneys' fees and was in need of psychiatric and medical treatment for emotional problems. Defendant wrongfully and unjustifiably caused Wife to discharge plaintiffs by threatening to disregard Wife as the object of his love and affection and threatening to refuse any and all reconciliation efforts unless Wife discharged plaintiffs. By reason of defendant's wrongful and unjustified conduct and as a proximate result thereof plaintiffs were discharged and suffered damage in the sum of $6,699.35.

In the fifth cause of action it was alleged that defendant and the unnamed Does conspired to perform the acts referred to in the fourth cause of action.

The trial court sustained defendant's demurrer to the fourth and fifth causes of action on the grounds that (1) there is no liability for inducing a breach of contract where the breach is caused by the exercise of an absolute right; (2) there is no liability for inducing a breach of an attorney's contract in the absence of a contingent fee contract; (3) there is no liability for inducing a breach of an attorney's contract in a dissolution or divorce case; and (4) there is no civil action for conspiracy to commit a recognized tort unless the wrongful act itself is committed.

We have concluded that the trial court erred in sustaining the demurrer and that the judgment should be reversed and the case remanded to the trial court for further proceedings.

It is well established that an action will lie for the intentional interference by a third person with a contractual relationship either by unlawful means or by means otherwise lawful when there is a lack of sufficient justification for such interference. (*Imperial Ice Co.* v. *Rossier,* 18 Cal.2d 33, 35 [112 P.2d 631]; *Herron* v. *State Farm Mutual Ins. Co.,* 56

Cal.2d 202, 205 [14 Cal.Rptr. 294, 363 P.2d 310].) ▮ The elements of this cause of action are (1) that a valid contract existed between the plaintiff and another party; (2) that the defendant had knowledge of the contract and intended to induce a breach thereof; (3) that the contract was breached, (4) as a proximate result of the defendant's wrongful or unjustified conduct, (5) resulting in damage to the plaintiff. (*Freed* v. *Manchester Service, Inc.,* 165 Cal.App.2d 186, 189 [331 P.2d 689]; *Greenberg* v. *Hollywood Turf Club,* 7 Cal.App.3d 968, 975 [86 Cal.Rptr. 885]; *Charles C. Chapman Building Co.* v. *California Mart,* 2 Cal.App.3d 846, 853 [82 Cal.Rptr. 830].) ▮ In the instant case plaintiffs adequately alleged each of these elements.

Defendant argues that because Wife had an absolute right to discharge her attorney at will and without cause (*Fracasse* v. *Brent,* 6 Cal.3d 784, 790, 791 [100 Cal.Rptr. 385, 494 P.2d 9]) defendant cannot be liable for wrongfully or unjustifiably inducing her to do so. This argument is without merit. ▮ The rule was laid down in *Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34, 39 [172 P.2d 867], that "[r]ecognizing that the fact that a contract is 'at the will of the parties, respectively does not make it one at the will of others,' [citation] the great majority of the cases have held that unjustifiable interference with contracts terminable at will is actionable." That rule has been followed on many occasions. (See, e.g., *Freed* v. *Manchester Service, Inc., supra,* 165 Cal.App.2d 186, 188; *Romano* v. *Wilbur Ellis & Co.,* 82 Cal.App.2d 670, 673 [186 P.2d 1012]; *Mallard* v. *Boring,* 182 Cal.App.2d 390, 393 [6 Cal.Rptr. 171]; *Patterson* v. *Philco Corp.,* 252 Cal.App.2d 63, 65 [60 Cal.Rptr. 110].)

▮ General principles regarding tortious interference with contractual relations are applicable to interference with attorney-client relations. (See cases collected in Annot., 26 A.L.R.3d 679.)

In *Herron* v. *State Farm Mutual Ins. Co., supra,* 56 Cal.2d 202, 205, the court stated: "An action will lie for the intentional interference by a third person with a contractual relationship either by unlawful means or by means otherwise lawful when there is a lack of sufficient justification. [Citations.] There is no valid reason why this rule should not be applied to an attorney's contingent fee contract. Such an agreement is a legal and valid contract entitled to the protection of the law, . . ." *Herron* was followed in *West* v. *Anchor Casualty Co.,* 194 Cal.App.2d 164, 166 [14 Cal.Rptr. 791].

In *Skelly* v. *Richman,* 10 Cal.App.3d 844, 862 [89 Cal.Rptr. 556], we upheld a judgment in favor of an attorney based on intentional inter-

ference with contractual relations and we specifically noted that: "The right of a client to terminate the attorney-client relationship at will does not justify breach inducement by a third party. (26 A.L.R.3d 679, 698.)"[2]

In *Fracasse* v. *Brent, supra,* 6 Cal.3d 784, the Supreme Court held that an attorney who has been discharged by a client with whom the attorney had a contingent fee arrangement has no cause of action against the client for breach of contract to recover the amount the contingent fee would have been had the attorney successfully prosecuted the client's claim. The reason for that rule is that otherwise a client who had lost faith in his attorney and discharged him could be compelled, if the trial court should subsequently disagree with the client's reason for discharging the attorney, to pay essentially a penal recovery not measured by the value received, or in some cases a double recovery of fees, by the new attorney and the discharged attorney. (*Id.* 6 Cal.3d at p. 790.) The court held that the attorney should be limited to a *quantum meruit* recovery for the reasonable value of his services, upon the occurrence of any contingency contemplated by the contract. (*Id.* at pp. 786, 788, 789 fn. 2, 791.) "In short, we find no injustice in a rule awarding a discharged attorney the reasonable value of the services he has rendered up to the time of discharge. In doing so, we preserve the client's right to discharge his attorney without undue restriction, and yet acknowledge the attorney's right to fair compensation for work performed." (*Id.* at p. 791; fn. omitted.)

 It is apparent from the allegations of the first amended complaint that plaintiffs here seek damages only for the reasonable value of services rendered to Wife prior to plaintiffs' discharge. Plaintiffs' claim is thus perfectly consistent with *Fracasse.*

It is suggested in defendant's brief that he had a right to induce the breach of the agreement because of the public interest in reconciliation of the parties to marriage dissolution proceedings.[3] Whether defendant's conduct was privileged or justified depends upon a careful balancing of

---

[2]Defendant erroneously relies on the statement in *Augustine* v. *Trucco,* 124 Cal. App.2d 229, 245-246 [268 P.2d 780], that "[t]here is no liability for inducing a breach of contract where the breach is caused by the exercise of an absolute right— that is, an act which a person has a definite legal right to do without any qualification." This statement is not in point because the question is not whether Wife had an absolute right to discharge plaintiffs but whether defendant was exercising an absolute right. (See *Freed* v. *Manchester Service, Inc., supra,* 165 Cal.App.2d 186, 192.)

[3]According to the allegations of the first amended complaint the interference occurred after the "final judgment of dissolution."

the importance of the objective advanced by the interference against the importance of the interest interfered with, considering all the circumstances including the nature of the actor's conduct and the relationship between the parties. These are affirmative defenses and are usually established by proof of facts rather than pleadings. The instant complaint does not show on its face that the inducement was privileged or justified and therefore it would be inappropriate to attempt to resolve such issues on demurrer. (*Collins* v. *Vickter Manor, Inc.*, 47 Cal.2d 875, 883 [306 P.2d 783]; *Greenberg* v. *Hollywood Turf Club, supra,* 7 Cal.App.3d 968, 977-978; *Culcal Stylco, Inc.* v. *Vornado, Inc.*, 26 Cal.App.3d 879, 883 [103 Cal.Rptr. 419]; *A. F. Arnold & Co.* v. *Pacific Professional Ins., Inc.*, 27 Cal.App.3d 710, 713-714 [104 Cal.Rptr. 96].)

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Kaus, P. J., and Hastings, J., concurred.