70 F.3d 1277
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ACO PACIFIC, INC., Plaintiff-Appellant,
v.
ACO CO., LTD., a Japanese corporation; QUEST ELECTRONICS, a
division of LaBelle Industries, Inc., et al.,
Defendants-Appellees.
 No. 94-15497.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 19, 1995.
Decided Nov. 17, 1995.
 
 Before: SCHROEDER, FLETCHER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 ACO Pacific appeals the district court's grant of summary judgment in favor of ACO Co., Ltd., ("ACO Japan") on its tortious interference with contractual and economic relationship claims, and the court's refusal to grant ACO Pacific's motion for reconsideration. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * ACO Pacific contends that the district court improperly granted summary judgment in favor of Quest on its tortious interference claims. We review the grant of summary judgment de novo.
 
 
 4
 Neither tortious interference with contract nor tortious interference with economic relations occurs unless the defendant intentionally induces a rift in a contract or economic relationship; mere knowledge that such a rift will occur is insufficient. DeVoto v. Pacific Fid. Life Ins. Co., 618 F.2d 1340, 1347 (9th Cir.), cert. denied, 449 U.S. 869 (1980) (applying California law); see Della Penna v. Toyota Motor Sales, U.S.A., Inc., 902 P.2d 740 (Cal.1995) (the plaintiff must prove that defendant's interference with prospective economic relations was wrongful by some measure beyond fact of interference itself). This rule is stated most clearly in the Restatement (Second) of Torts, Sec. 766, comment n:
 
 
 5
 One does not induce another to commit a breach of contract with a third person ... when he merely enters into an agreement with the other with knowledge that the other cannot perform both it and his contract with the third person.... For instance, B is under contract to sell certain goods to C. He offers to sell them to A, who knows of the contract. A accepts the offer and receives the goods. A has not induced the breach and is not subject to liability....
 
 
 6
 See DeVoto, 618 F.2d at 1348 (relying on restatement section); Zelinger v. Uvalde Rock Asphalt Co., 316 F.2d 47, 51 (10th Cir.1963) (same). As the court stated in Dryden v. Tri-Valley Growers, 65 Cal.App.3d 990, 997 (1977):
 
 
 7
 It has been repeatedly held that a plaintiff, seeking to hold one liable for unjustifiably inducing another to breach a contract, must allege that the contract would otherwise have been performed, and that it was breached and abandoned by reason of the defendant's wrongful act and that such act was the moving cause thereof.
 
 
 8
 The undisputed evidence in this case shows only that Quest knew that ACO Japan could not enter into exclusive distributorships with both Quest and ACO Pacific; there is no evidence that Quest induced ACO Japan to breach its contract with ACO Pacific.
 
 
 9
 ACO Pacific argues that Quest induced ACO Japan's breach, claiming that "it was Mr. James of Quest who initially suggested that Quest become ACO Japan's distributor." While it is true that James expressed interest in becoming ACO Japan's distributor, that was only after ACO Japan informed Quest that it and ACO Pacific "were finished" and that ACO Japan "was looking for a new distributor." Indeed, the record shows that Quest told ACO Japan that it "would be interested in distributing ACO Japan products if ACO Japan was not going to sell its products through ACO Pacific in the future." (Emphasis added.)
 
 
 10
 The record reveals only that Quest responded favorably to ACO Japan's overtures regarding replacing ACO Pacific, with which ACO Japan had become dissatisfied. The only wrongful conduct was ACO Japan's breach of contract. Because there is no evidence that Quest induced ACO Japan's breach, the district court did not err in granting summary judgment on the interference with contractual and economic advantage counts.
 
 II
 
 11
 ACO Pacific contends that the district court abused its discretion in denying ACO Pacific's motion for reconsideration based on "newly discovered evidence": the testimony of Kyozo Okazawa at his deposition the day before the hearing on the cross motions for summary judgment.
 
 
 12
 Although ACO Pacific now describes Okazawa as a central witness, it never sought a continuance of the summary judgment hearing even though ACO Pacific itself noticed Okazawa's deposition for December 16--one day before the scheduled summary judgment hearing. See Fed.R.Civ.P. 56(f) ("Should it appear from the affidavits ... that the party cannot ... present ... facts essential to justify the party's opposition, the court may ... order a continuance to permit ... depositions to be taken...."). For this reason, the district court did not abuse its discretion in denying the motion for reconsideration. See Foster v. Arcata Associates, Inc., 772 F.2d 1453, 1467 (9th Cir.1985) ("Under Rule 56(f), a party may apply for a continuance of the proceedings to permit further discovery. Appellant made no such motion. Consequently, we find that the district court did not abuse its discretion in granting Arcata's motion for summary judgment."); THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 994 (9th Cir.1980) (same).
 
 
 13
 ACO Pacific argues that THI-Hawaii is distinguishable since it did not involve "newly discovered evidence ... diligently obtained." Neither, however, does this case. The deposition was scheduled on the eve of the hearing, and ACO Pacific could have filed a Rule 56(f) motion to continue the summary judgment hearing until after it had completed the necessary discovery. Whether Okazawa was unavailable earlier or whether Quest was somehow responsible is immaterial, as it was up to ACO Pacific, not Quest, to determine if it had conducted sufficient discovery to oppose Quest's motion for summary judgment.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3