CALSTAR LLC, a Nevada Limited Liability Corporation, Plaintiff–Appellant

v.

FIRST UNION NATIONAL BANK; Lennar Partners, aka Lennar Partners, Inc.; Capital Company of America LLC; Lasalle National Bank, fka Lasalle Bank N.A.; Dechert, Price & Rhodes; Hoover, Bax & Slovacek; Sarah Ann Powers, an individual; Susan Bafundo, an individual; Ken Thompson, an individual; Michael Evans, an individual; Commercial Mortgage Asset Trust Series 199 C–1, a Financial Trust, Defendants–Appellees

---

1. *See, for example, Pau v. Yosemite Park & Curry Co.,* 928 F.2d 880, 891 (9th Cir.1991).

2. 823 F.2d 1366 (9th Cir.1987).

3. *Id.* at 1369.

Calstar LLC, a Nevada Limited
Liability Corporation,
Plaintiff–Appellant

v.

First Union National Bank; Lennar
Partners, aka Lennar Partners, Inc.;
Capital Company of America LLC;
Lasalle National Bank, fka Lasalle
Bank N.A.; Commercial Mortgage As-
set Trust Series 199 C–1, a Financial
Trust, Defendants–Appellees

and

Dechert, Price & Rhodes; Hoover, Bax
& Slovacek; Sarah Ann Powers, an
individual; Susan Bafundo, an indi-
vidual; Ken Thompson, an individual;
Michael Evans, an individual, Defen-
dants

No. 00–57106, 01–55383.
D.C. No. CV–08980–R.

United States Court of Appeals,
Ninth Circuit.

Argued Feb. 4, 2002.

Submitted May 10, 2002.

Decided May 23, 2002.

Before O'SCANNLAIN and
SILVERMAN, Circuit Judges, and
REED,* District Judge.

* The Honorable Edward C. Reed, Jr., Senior
United States District Judge for the District of
Nevada, sitting by designation.

MEMORANDUM **

Plaintiff–Appellant Calstar, LLC ("Calstar") appeals from orders granting the motions to dismiss without leave to amend and the motions for attorney's fees by defendant-appellees Capital Company of America LLC, Dechert, Price & Rhodes, First Union National Bank, Lennar Partners, Inc., LaSalle National Bank, and Commercial Mortgage Asset Trust.

On November 20, 2000, Judge Real held a hearing and granted defendants' motions to dismiss without leave to amend. Judge Real held two other hearings on January 16, 2001, and February 5, 2001, and granted the motions for attorney's fees in the amounts requested by the defendants.

The parties are familiar with the facts and we do not recite them in detail here. Dismissal of a complaint is disfavored and should only be granted in "extraordinary" cases. *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981); *see also Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ( "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); *Lewis v. Tel. Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir.1996) (same). This does not appear to be an extraordinary case.

 The claims of interference with prospective economic advantage and interference with contract were pled properly and should not have been dismissed. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988). If a complaint lacks facts to support a legal

theory, but those facts could easily be supplied, the complaint should not be dismissed without leave to amend. Fed. R.Civ.P. 15(a) (stating that leave to amend should be "freely given"); *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) ("[A] district court should grant leave to amend ... unless it determines that the pleading could not possibly be cured by the allegation of other facts."(quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995))). In Calstar's complaint the following claims were legally proper, but lacked sufficient facts: fraud, negligent misrepresentation, and breach of contract. The district court erred when it dismissed this part of Calstar's complaint without leave to amend. Calstar should be allowed to file an amended complaint on these causes of action. However, the district court correctly recognized that a number of the allegations in Calstar's fraud and negligent misrepresentation claims, specifically those contained in paragraphs 44, 45, 58, 59, 60, 62, 63, 81, 82, 95, 96, 97, 99, and 100 of the complaint, are legally inadequate and not subject to a curative amendment, because Calstar specifically alleged that it knew or suspected that the defendants' representations were false. *See Atari Corp. v. Ernst & Whinney,* 981 F.2d 1025, 1030–31 (9th Cir.1992) (stating that under California law a party is not able to claim justifiable reliance on obviously false representations).

 The claims against Commercial Mortgage Asset Trust ("CMAT") and the cause of action for breach of fiduciary duty were legally barred and were properly dismissed with prejudice. In California, the trustee is the proper party to a suit, not the trust, because the trustee has legal title to the cause. *Saks v. Damon Raike*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

& Co., 7 Cal.App.4th 419, 427, 8 Cal. Rptr.2d 869 (1992); *see also* Cal.Civ.Proc. Code § 367 (1973 & Supp.2002) (stating that "every action must be prosecuted in the name of the real party in interest"). Therefore, as a matter of law, CMAT cannot be the named defendant in Calstar's action. Calstar failed to properly allege that the defendant banks exercised complete control over its finances such that a fiduciary relationship developed. Therefore, Calstar failed to allege a breach of fiduciary duty claim under California law. *See Kim v. Sumitomo Bank of California,* 17 Cal.App.4th 974, 979–80, 21 Cal.Rptr.2d 834 (1993) (holding that a claim for breach of fiduciary duty could not be maintained because the Kims failed to alleged that the bank possessed so much control that it dominated them to the extent that they lost their separate identity, or that the bank became the Kims' alter ego). Calstar abandoned its claims of extortion and unfair business practices, and we therefore affirm the dismissal of those counts as well.

Because some of the causes of action in the complaint were not properly dismissed, the district court erred when it awarded attorney's fees to defendants. We therefore vacate the award of attorney's fees in No. 01–55383.

The judgment of the district court is AFFIRMED IN PART and REVERSED IN PART. The award of attorney's fees is VACATED, and the case is REMANDED for proceedings consistent with this disposition. Each party shall bear its own costs on appeal. Fed. R.App. P. 39(a)(4).