**CALSTAR LLC, a Nevada Limited Liability Corporation, Plaintiff—Appellant,**

v.

**FIRST UNION NATIONAL BANK; et al., Defendants—Appellees,**

and

**Capital Company of America LLC; et al., Defendants.**

No. 03–55770.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2004.

Decided July 29, 2004.

Federico C. Sayre, James F. Rumm, Law Offices of Federico C. Sayre, Santa Ana, CA, for Plaintiff–Appellant.

Robin C. Campbell, Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, Pasadena, CA, Mark Riera, Sheppard Mullin, et al., LLP, Los Angeles, CA, Mary A. Lehman, Gray, Cary, Ware and Freidenrich, for Defendants–Appellees.

Mark T. Flewelling, Anglin, Flewelling, Rasmussen, etc., Pasadena, CA, Jay D. Hanson, Gray Cary Ware & Freidenrich LLP, San Diego, CA, L. Rachel Helyar, Anne K. Edwards, Akin, Gump, Strauss, Hauer & Feld, Los Angeles, CA, Tonya P. Johannsen, Akin, Gump, Strauss, Hauer & Feld, Dallas, TX, for Defendants–Appellees and Defendants.

Before: TROTT, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM *

Calstar, LLC appeals the district court's partial summary judgment and partial dismissal under Fed.R.Civ.P. 12(b)(6), resulting in dismissal of all parties and claims, in its diversity action against First Union National Bank, LaSalle National Bank, Lennar Partners, and Dechert, Price & Rhoads ("Dechert") following this court's remand in *Calstar, LLC v. First Union Nat'l Bank,* 35 Fed.Appx. 602 (9th Cir. 2002) (*"Calstar I"*). We affirm.

### I

Calstar's breach of contract claims were properly dismissed in keeping with the law of the case because the allegations were not materially changed from those found insufficient in *Calstar I. See Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 235 F.3d 1184, 1193 (9th Cir.2000).

### II

■ Calstar's argument that First Union, LaSalle, and Lennar were either parties to the contracts—in which case the breach of contract claims were properly pled—or were not parties to the contracts—in which case the interference claims were properly pled—fails because the breach of contract claims were properly dismissed not for the reason that the defendants were not parties to the contracts, but because Calstar did not allege sufficient facts to state a claim for breach of contract. In allegations made applicable to all claims, Calstar's second amended complaint avers that First Union, LaSalle, and Lennar were parties and/or agents of the parties to the Commitment Letter, Loan Agreement, Cash Management Agreement and Deed of Trust. These are judicial admissions, *see Am. Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir.1988), which the documents them-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

selves, attached as exhibits to Calstar's second amended complaint, confirm. Therefore, there can be no interference as a matter of law because First Union, La-Salle, and Lennar each had an interest in the contracts. *See Dryden v. Tri–Valley Growers,* 65 Cal.App.3d 990, 998, 135 Cal. Rptr. 720 (1977).

### III

■ Calstar's claims against Dechert also fail. Calstar can not reasonably have relied on Dechert's representations about what provisions were in a written contract that Calstar signed. *Cohen v. Wedbush, Noble, Cooke, Inc.,* 841 F.2d 282, 287 (9th Cir.1988), *overruled on other grounds by Ticknor v. Choice Hotels Int'l, Inc.,* 265 F.3d 931, 941–42 (9th Cir.2001) ("We see no unfairness in expecting parties to read contracts before they sign them."). But even if its alleged reliance were reasonable, the second amended complaint does not identify with sufficient particularity to satisfy Fed.R.Civ.P. 9(b) who made misrepresentations about which change pages, what those representations were, and the basis upon which the representations that allegedly were made were made intentionally rather than negligently. *See Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir.1989). Accordingly, the claim for fraud was properly dismissed. Calstar's negligent misrepresentation claim is not substantially different from the original pleadings that we determined were inadequate in *Calstar I* and so the law of the case required its dismissal as well. *See Wyler,* 235 F.3d at 1193.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).