Filed 7/1/15  Alkasabi v. Hendricks & Partners, Inc. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| OSAMA A. ALKASABI, | D065657 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2010-00092162-CU-BT-CTL) |
| HENDRICKS & PARTNERS, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from judgments of the Superior Court of San Diego County, Joan M. Lewis, Judge.  Affirmed.

Osama A. Alkasabi, in pro. per., for Plaintiff and Appellant.

Grimm Vranjes & Greer and Mark Vranjes, Ryan Patrick McGuire, for Defendants and Respondents Hendricks & Partners, Inc. and David Andrews.

Grant Cardone, in pro. per., for Defendant and Respondent Grant Cardone.

Osama A. Alkasabi, a real estate broker and self-represented litigant, appeals a trial court's judgment confirming an arbitration award and a summary judgment of his cause of action for intentional interference with contractual relations in favor of

Hendricks & Partners, Inc. and its agent, David Andrews (sometimes collectively Hendricks).  Alkasabi contends the court lacked jurisdiction to confirm the award, the arbitrator exceeded his powers by not awarding Alkasabi attorney fees, and the arbitrator improperly decided issues that were not submitted to him.  Alkasabi further contends summary judgment was improper because disputed material facts existed regarding whether Hendricks knew Alkasabi had entered into an exclusive agreement to list an apartment complex for sale but nonetheless listed the property and sold it, thus depriving Alkasabi of his commission.  Alkasabi also makes unclear contentions regarding an entity named Chandler Heights AZ, LLC, but we cannot resolve them because they lack foundation in the record before us.

Respondent Grant Cardone filed a separate brief, arguing the trial court confirmed the arbitrator's ruling that he was not personally responsible for the commission owed to Alkasabi; rather, that was the responsibility of West Prince Road LLC (West Prince Road) and Los Altos Tucson LLC (Los Altos).  Cardone asserts those entities paid the damages the arbitrator ordered, and thus he requests we dismiss the appeal as to him and sanction Alkasabi for filing a frivolous appeal against him.

We affirm the judgments confirming the arbitration award and granting summary judgment.  We dismiss the appeal as to Cardone.

### FACTUAL AND PROCEDURAL BACKGROUND

Alkasabi fails to set forth a coherent summary of the facts and procedure in this case, thus limiting our ability to adequately review his contentions.  For example, he does not explain how the case got to arbitration or the different procedural motions leading up

2

to the filing of the operative fourth amended complaint. Accordingly, this overview represents our best understanding of the limited information included in Alkasabi's appellate briefs.

Alkasabi alleged in his fourth amended complaint an intentional interference with contractual relations cause of action against Hendricks, based on Alkasabi allegedly entering into a November 2009 exclusive listing agreement with Cardone to sell an apartment complex located in Oceanside, California.[1] The listing agreement provided that Alkasabi was entitled to receive a commission of three percent of the building's listing or selling price. Alkasabi alleged he had notified Hendricks of this listing agreement; nonetheless, Hendricks advertised the property as its "exclusive multifamily offering" (capitalization omitted); Hendricks, in so doing, interfered with Alkasabi's right to receive his commission once the property sold. Alkasabi alleged that after Hendricks opened escrow with a title insurance company, he further informed Hendricks in writing about the dispute regarding the commission.

The arbitrator ruled that the apartment's September 20, 2010 sale date fell within the period of Alkasabi's one-year listing agreement, which ended on November 28, 2010; therefore, he ordered Los Altos and West Prince Road to pay Alkasabi $112,500 in damages, reasoning: "The Listing Agreement provided for a three percent

---

[1] On appeal the parties raise no issues regarding Alkasabi's causes of action alleged in his fourth amended complaint for intentional interference with prospective economic relations and negligent interference with prospective economic relations against Hendricks, or his claim for breach of contract against Cardone, Los Altos and West Prince Road.

3

. . . commission with one-half payable to a cooperating broker. In order to close the sale of the Subject Property, Grant Cardone and Hendricks were required to reduce the total commission to $225,000 or a commission of slightly less than one percent . . . . [¶] Custom and practice in high-end commercial real estate is that a commission of one percent . . . is within the range to be expected. This is especially true if the sale is at less than the asking price of the listing and in a depressed real estate market. . . . [¶] Defendants argued that if Alkasabi is awarded any commission it should be for one-half of the actual commission paid which would be $112,500. The Arbitrator agrees with this analysis." The arbitrator separately ruled "there is no evidence that Grant Cardone has personal liability for the commission due Alkasabi."

The trial court confirmed the arbitration award, noting Alkasabi had filed a " 'Notice of Acceptance of Arbitral Award,' " and no party had petitioned to correct or vacate the award. The court ruled Alkasabi "takes nothing from the defendant Grant Cardone," and ordered all parties to bear their own costs and attorney fees.

In moving for summary judgment, Hendricks argued that when it entered into an April 14, 2010 exclusive listing agreement with Cardone, it lacked knowledge that Cardone had previously entered into a listing agreement with Alkasabi. Hendricks alternatively argued that Alkasabi's cause of action for intentional interference with contractual relations lacked merit for several reasons: Hendricks did not intend to interfere with Alkasabi's listing agreement with Cardone, which in any event allowed for "any other person" besides Alkasabi to procure a buyer; Hendricks did not prevent Alkasabi's performance on his listing agreement with Cardone or make it more

4

expensive; Hendricks's conduct was not a substantial factor in causing Alkasabi's damages; the property was sold in January 2011 after Alkasabi's one-year listing agreement with Cardone had expired, and Alkasabi never obtained a buyer during the listing period; finally, the arbitrator's award had made Alkasabi whole, and therefore he was barred from recovering further damages from Hendricks.

Andrews stated in a supporting declaration that when he signed the listing agreement with Cardone, he was not aware Cardone and Alkasabi had entered into a listing agreement. He further asserted that Cardone later denied to Andrews that he had an exclusive listing agreement with Alkasabi for the sale of the apartment complex.

The court granted summary judgment: "[Alkasabi] argued the theory of constructive notice. However, [he] failed to cite any persuasive authority that would permit an [intentional interference with contractual relations] cause of action to proceed where the Defendants had only constructive notice. [He] also speculated that Defendants had notice of his listing by citing weekly presentations he states he made. However, [he] offered no evidence specifying when the meetings occurred; what was said and, importantly, that the Defendants were in attendance. [He] also appears to suggest that the [intentional interference with contract] claim can proceed because Defendants were made aware of [his] listing agreement *after* they entered into their own listing agreement. The Court rejects this argument [under] *Dryden v. Tri-Valley Growers* (1977) 65 Cal.App.3d 990."

5

DISCUSSION

I.

*Alkasabi Forfeited Certain Contentions*

Alkasabi contends the court lacked jurisdiction to confirm the arbitration award, the arbitrator exceeded his powers by not awarding him attorney fees, and the arbitrator improperly decided issues that were not submitted to him.

An appellant must affirmatively demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority. (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116 (*Guthrey*); Cal. Rules of Court, rule 8.204(a)(1)(C).) As a general rule, "[a]n appellant must provide an argument and legal authority to support his contentions. This burden requires more than a mere assertion that the judgment is wrong. 'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

An appellate argument is not merely a rehash of arguments unsuccessful at trial, but a carefully honed assertion of legal error and resulting prejudice. The job of appellant is to demonstrate to this court the trial court erred in specific ways which resulted in identifiable prejudice to the parties. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 628, pp. 704-705; accord, *Guthrey, supra,* 63 Cal.App.4th at p. 1115.)

6

Nor will we presume prejudice, which Alkasabi is obligated to demonstrate. (See *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800-802; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 105-106 ["[O]ur duty to examine the entire cause arises when and only when the appellant has fulfilled his duty to tender a proper prejudice argument. Because of the need to consider the particulars of the given case, rather than the type of error, the appellant bears the duty of spelling out in his brief exactly how the error caused a miscarriage of justice"]; *Vaughn v. Jonas* (1948) 31 Cal.2d 586, 601 ["[t]o presume in favor of error or prejudice would be directly contrary to the policy of this state"].)

Self-represented litigants are held to the same standard as those represented by trained legal counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; *In re Marriage of Falcone* (2008) 164 Cal.App.4th 814, 830.) " 'When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys . . . . Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney.' " (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126.)

As respondent Hendricks points out in its reply brief, Alkasabi failed to include in his opening brief sufficient support for his arguments: "Most assertions of fact contained in [Alkasabi's brief] are supported only by citations to his separate statement of undisputed material facts that he filed in support of his opposition to Hendricks' motion for summary judgment." (Emphasis and some capitalization omitted.) Specifically, many of Alkasabi's record citations are to a block of 24 pages, and he makes no attempt

7

to provide specific page references for certain assertions.  As another court stated when referring to appellate briefs that did not forthrightly present the record as presented in the trial court:  "We are a busy court which 'cannot be expected to search through a voluminous record to discover evidence on a point raised by [a party] when his brief makes no reference to the pages where the evidence on the point can be found in the record.' "  (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 113, disapproved on another ground as recognized in *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2005) 133 Cal.App.4th 26, 41-42.)

We conclude Alkasabi did not satisfy the requirements of providing adequate legal analysis for the above contentions.  He did not cite to the standard governing our review of his claims regarding the confirmation of the arbitration award, or explain how that standard is related to his contentions.  We review a trial court's decision to vacate or confirm an arbitration award de novo, "but apply the substantial evidence standard to the extent the trial court's ruling rests upon a determination of disputed factual issues." (*Burlage v. Superior Court* (2009) 178 Cal.App.4th 524, 529.)  A party who fails to state the facts faithfully, in light of the applicable standard of review on appeal, forfeits evidentiary claims.  (See *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)

We reach the same result on Alkasabi's contentions that Chandler Heights AZ, LLC revoked its consent to an unspecified settlement agreement and the trial court lacked jurisdiction to adjudicate the disputed terms of the settlement agreement through oral arguments rather than through an evidentiary hearing and discovery; there was never a meeting of the minds or mutual consent to the material terms of the settlement agreement,

8

and there was a lack of consideration to form a binding agreement. These contentions are incomprehensible because Alkasabi did not provide a factual context to guide our understanding of the underlying circumstances.[2] Moreover, it is unclear from his appellate briefs whether the trial court made a particular ruling he wishes us to review. We therefore treat the contentions regarding Chandler Heights AZ, LLC as forfeited.

II.

*The Court Did Not Err in Granting Summary Judgment*

Alkasabi contends: Hendricks prevented his performance on his listing agreement by making it expensive and impossible for him to do so; he was entitled to receive a three percent commission under the listing agreement, and Hendricks caused him to lose the commission; under the listing agreement he was not required to procure the buyer, although he did procure three other buyers for the apartment; and he was not barred from recovering damages against Hendricks for the three percent commission he lost.

"A defendant's motion for summary judgment should be granted if no triable issue exists as to any material fact and the defendant is entitled to a judgment as a matter of law. [Citation.] The burden of persuasion remains with the party moving for summary judgment. [Citation.] When the defendant moves for summary judgment, in those circumstances in which the plaintiff would have the burden of proof by a preponderance

---

2      Hendricks tries to clarify some of the background information in its respondent's brief: "Chandler Heights AZ, LLC, a creditor of Alkasabi's, filed a lien that claimed a right to approximately $81,000 of the arbitration award. To avoid further entanglement, [Los Altos and West Prince Road] deposited the amount of the award with the Trial Court on January 8, 2014[,] to allow the Trial Court to resolve the lien issue." But again, the record before us lacks documents to evaluate those assertions.

9

of the evidence, the defendant must present evidence that would preclude a reasonable trier of fact from finding that it was more likely than not that the material fact was true [citation], or the defendant must establish that an element of the claim cannot be established, by presenting evidence that the plaintiff 'does not possess and cannot reasonably obtain, needed evidence.' " (*Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1002-1003 (*Kahn*).)

"We review the record and the determination of the trial court de novo." (*Kahn, supra,* 31 Cal.4th at p. 1003.) "[W]e must view the evidence in a light favorable to plaintiff as the losing party [citation], liberally construing [the plaintiff's] evidentiary submission while strictly scrutinizing defendants' own showing, and resolving any evidentiary doubts or ambiguities in plaintiff's favor." (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.)

The elements of a claim of intentional interference with contractual relations are: " '(1) a valid contract between the plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.' " (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 55.)

Here, despite the trial court identifying the second element as the basis for its decision, Alkasabi does not specify in his appellate briefs the basis for his contention Hendricks knew about his listing agreement with Cardone. Rather, he reproduces a summary, first presented in the trial court, of several meetings or presentations he made

10

regarding his listings. But the trial court's ruling on the deficiencies of that claim remains pertinent and unaddressed by Alkasabi on this appeal. We conclude the court did not err in granting summary judgment because Hendricks negated an element of the cause of action for intentional interference with contract by showing through Andrews' declaration a lack of knowledge that Alkasabi had a separate listing agreement with Cardone. "It is elementary that interference with contractual rights and economic advantage is an intentional tort. Accordingly, it has been held that an action for interference with contractual rights lies only if the defendant's act *induced* the breach of contract between the plaintiff and the third party or if the defendant *purposely* caused a third person not to perform the contract with another." (*Dryden v. Tri-Valley Growers, supra,* 65 Cal.App.3d at pp. 995-996.)

### III.

#### *The Appeal Against Cardone is dismissed*

We agree with Cardone that in light of the arbitrator's finding exempting him from personal liability, and the trial court's confirmation of that award, there is no basis for his continued involvement in this case, and we dismiss the appeal as to him. Cardone failed to support his request for sanctions with reasoned arguments and citation to case law. His entire presentation on this point states: "I respectfully request that the above-referenced appeal be dismissed and that [Alkasabi] be sanctioned for his actions in filing a frivolous appeal on a Judgment which he accepted and which has been paid." We decline Cardone's request to impose sanctions.

11

DISPOSITION

The judgments are affirmed.  Hendricks & Partners, Inc., David Andrews and Grant Cardone are entitled to costs on appeal.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

McINTYRE, J.