12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas M. OYAN, Plaintiff-Appellee,
v.
ALBANY INTERNATIONAL CORPORATION, Defendant-Appellant.
 No. 92-55834.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1993.*
Decided Dec. 16, 1993.
 
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Albany International Corporation appeals the district court's judgment following a jury verdict in favor of Thomas Oyan in Oyan's diversity action for damages arising from Albany's interference with the business relationship between Oyan and MAG Enterprises. Albany argues the district court's jury instruction on the affirmative defense of privilege or justification does not comport with California law. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's formulation of jury instructions for abuse of discretion. Oviatt v. Pearce, 954 F.2d 1470, 1481 (9th Cir.1992). The instructions are considered as a whole to determine whether they are misleading or inadequate. Id.
 
 
 4
 Albany contends that the district court's instruction on justification was erroneous because it required the jury to apply an objective test of reasonableness to the question of Albany's intent. According to Albany, the essential element of the privilege defense is that the defendant's motive or intent was not to harm the plaintiff, but to advance its own legitimate business interest. It argues that the district court's instruction "required the jury to decide for itself whether it agreed with Albany's basis for its motive, as opposed to simply determining whether the motive was one related to a legitimate business interest."
 
 
 5
 We disagree with Albany's contention that the inquiry regarding privilege is a purely subjective one. Rather, the justification defense involves a balancing test: "Whether an intentional interference by a third party is justifiable depends upon a balancing of the importance, social and private, of the objective advanced by the interference against the importance of the interest interfered with, considering all circumstances including the nature of the actor's conduct and the relationship between the parties." Herron v. State Farm Mut. Ins. Co., 14 Cal.Rptr. 294, 296 (1961).
 
 
 6
 Albany argues that the district court's instruction improperly equates "balancing" with "reasonableness." It claims that none of the cases cited by Oyan mentions reasonableness. To the contrary, in addition to the Herron test, the cases uniformly cite Sec. 767 of the Restatement of Torts, which sets forth a number of factors to consider when determining whether the defendant's interference was improper, including motive. See, e.g., Rosenfeld, Meyer & Susman v. Cohen, 194 Cal.Rptr. 180, 199 (Ct.App.1983); Lowell v. Mother's Cake & Cookie Co., 144 Cal.Rptr. 664, 670 (Ct.App.1978). More importantly, the cases all recognize that under Sec. 767, " 'the question on the issue of privilege is whether the actor's conduct was fair and reasonable under the circumstances[.]' " Rosenfeld, Meyer & Susman, 194 Cal.Rptr. at 199 (quoting Restatement of Torts Sec. 767 cmt. d); accord Lowell, 144 Cal.Rptr. at 670. The district court's requirement that Albany have a reasonable basis for believing that Oyan's relationship with MAG would hurt Albany's business was consistent with both the Restatement and the case law.
 
 
 7
 Albany cites BAJI 7.86 to support its assertion that the justification defense requires only that the defendant have some (though not necessarily an exclusive) motive to advance its own business interests. This reliance is misplaced because BAJI 7.86 is an instruction for the privilege of competition. Since Albany and Oyan are not competitors, this specific privilege is inapposite.
 
 
 8
 Finally, Albany argues that if the district court had used its proposed instruction, the jury would have focused on the deposition testimony of Albany Division Manager David Salls and found that Albany was legitimately concerned about Oyan representing its products. Apart from Salls's conclusory statements, however, there was no evidence that Oyan had ever disparaged Albany or its products in the presence of customers. The only evidence of negative comments came from the marketing group representative, who testified that Oyan's remarks were made in response to her inquiry about his impressions, when no one else was present. Albany National Sales Manager Fred Baird, who reported to Salls and was Oyan's immediate supervisor at Albany, testified that he personally had no problem with Oyan working for MAG so long as MAG met its quota. Given that Oyan would be paid strictly on commission, it was in his interest to sell as many Albany products as possible. By disparaging Albany, he would only hurt himself. Based upon this and other evidence presented at trial, the jury could reasonably find that Albany did not have a legitimate business reason for interfering with Oyan's prospective employment.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3