Filed 11/10/25  The Skinner Law Group v. Tacomania CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE SKINNER LAW GROUP,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>TACOMANIA, INC., et al.,<br><br>    Defendants and Respondents. | H052898<br>(Santa Clara County<br>Super. Ct. No. 22CV409112) |

The Skinner Law Group (Skinner) represented Jose Vea Castro and Jose Loredo Valle in an action against Tacomania, Inc., Josefina Flores, and Jose A. Romero (collectively, Tacomania) for violations of the Labor Code and the Business and Professions Code.  After Tacomania settled the action with its former employees (without the involvement of the attorneys for the employees or Tacomania), Skinner sued Tacomania.  Skinner alleged Tacomania engaged in intentional interference with prospective economic relations, negligent interference with prospective economic relations, and intentional interference with contractual relations.  Skinner claimed that Vea Castro and Loredo Valle did not pay Skinner its fees and costs and, by settling with the two men, Tacomania interfered with Skinner's rights to the

payment of fees and reimbursement of costs under his contingency fee agreements with the two men.

The trial court granted summary adjudication in favor of Tacomania on the first two causes of action—intentional interference with prospective economic relations and negligent interference with prospective economic relations—after deciding the evidence failed as a matter of law to demonstrate Tacomania engaged in any independently wrongful acts. The court granted summary adjudication in favor of Tacomania on the third cause of action—intentional interference with contractual relations—after finding that (1) Skinner failed to raise a triable issue of fact with respect to actual breach or disruption, and (2) Skinner's arguments regarding causation were speculative and insufficient to raise a triable issue of fact.

Skinner appeals from the judgment in favor of Tacomania solely with respect to its intentional interference with contractual relations claim. Skinner contends that the trial court failed to make all reasonable inferences in Skinner's favor and misapplied applicable law. Tacomania, in turn, contends Skinner's appeal is frivolous and seeks sanctions against Skinner.

For the reasons explained below, we decide that Skinner has not established reversible error as to the summary judgment order and affirm the judgment. We deny Tacomania's motion for sanctions against Skinner.

## I. FACTS AND PROCEDURAL BACKGROUND[1]

### A. Facts

Tacomania, Inc. is restaurant and food truck chain owned by Flores and Romero. In July 2022, two of Tacomania's former employees, Jose Vea

---

[1] We draw the facts recited here from the record that was before the trial court when it ruled on the motion for summary judgment (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037), including the parties'

Castro and Jose Loredo Valle, hired Skinner to represent them in an action against Tacomania for alleged violations of the Labor Code. Skinner, Vea Castro, and Loredo Valle agreed to contingency fee representation.

In mid-July 2022, Vea Castro and Loredo Valle each wrote Tacomania a letter on Skinner's letterhead stating they had "hired Skinner . . . to represent [them] in pursuing [their] claims arising from [their] employment [with] Tacomania[]" and they "authorize[d] Skinner . . . to request and receive [their] payroll and personnel records arising from [their] employment with Tacomania." Thomas P. Skinner, the sole owner of The Skinner Law Group, asserted that he mailed the letters written by Loredo Valle and Vea Castro to Tacomania at its principal place of business, and the letters did not return to his office as undeliverable. In the same timeframe, Skinner wrote Tacomania a letter demanding Vea Castro's employment records. It is not clear from the record if this third letter was mailed to Tacomania.

On or about August 22, 2022, Loredo Valle and Vea Castro filed a complaint against Tacomania alleging violations of the Labor Code and Business and Professions Code.

On or about October 4, 2022, Skinner served Tacomania with a complaint on behalf of Vea Castro and Loredo Valle in the matter of *Jose Vea Castro et al. v. Tacomania, Inc. et al.* (Super. Ct. Santa Clara County, 2022, No. 22CV403362) (*Vea Castro* case).

In late October 2022, Vea Castro and Loredo Valle met with Tacomania owners Romero and Flores. Tacomania settled the claims in the *Vea Castro*

---

separate statements of undisputed material facts. (See *Kim v. County of Monterey* (2019) 43 Cal.App.5th 312, 316, fn. 1.) We liberally construe the evidence in support of Skinner, as the party opposing summary judgment, and resolve doubts concerning the evidence in its favor. (*Yanowitz*, at p. 1037.)

case directly with the two men without "any attorneys present," including Skinner. As part of that settlement, Vea Castro and Loredo Valle agreed to dismiss their lawsuit against Tacomania.

In his declaration, Romero stated that Tacomania neither took any action to prevent Loredo Valle and Vea Castro from meeting with or paying Skinner nor encouraged the two men to evade their obligations under their agreements with Skinner. Romero maintained that Loredo Valle and Vea Castro did not discuss with Tacomania any plans "to breach their contingency fee agreement[s]" or "cut[] off communication with" Skinner.

On November 15, 2022, Tacomania retained counsel, Macias Rodriguez Adams LLP (Macias), to represent them in the *Vea Castro* case. That same day, Macias e-mailed Skinner on Tacomania's behalf to notify it of the settlement and attached copies of the settlement agreements.[2] Skinner acknowledged receipt of Tacomania's e-mail and asserted that it intended to file a complaint against Tacomania for "intentional interference."

*B. Procedural Background*

On December 27, 2022, Skinner filed a complaint against Tacomania alleging three causes of action: intentional interference with prospective economic relations, negligent interference with prospective economic relations, and intentional interference with contractual relations. On June 29, 2023, after the trial court granted Tacomania's motion for judgment on the pleadings on the first and second causes of action with leave to amend, Skinner filed a first amended complaint against Tacomania.

In the first amended complaint, Skinner reasserted the same three causes of action. With respect to the third cause of action, Skinner alleged

---

[2] On December 8, 2023, the trial court dismissed the *Vea Castro* case with prejudice.

that Loredo Valle and Vea Castro breached their agreements with Skinner by not paying Skinner a contingency fee and by not reimbursing Skinner for litigation costs. The third cause of action also alleged that Tacomania induced the two men to breach their agreements with Skinner. Skinner asserted that Tacomania knew about Skinner's agreements with Vea Castro and Loredo Valle, made performance of those agreements "impossible" by negotiating with the two men without notifying Skinner, and, in so doing, either intended to disrupt such performance or knew that such performance would be disrupted. Skinner maintained it was harmed by Loredo Valle's and Vea Castro's nonpayment, and Tacomania's negotiations with the two men was a substantial factor in causing such harm.

The parties propounded discovery requests on one another. Skinner's response to Tacomania's request for the production of documents included copies of its Spanish language agreements with Loredo Valle and Vea Castro, but did not include any evidence authenticating or translating those agreements into English. In Skinner's supplemental response to Tacomania's request for production Nos. 28 and 29, which requested all fee agreements between Skinner and Vea Castro and between Skinner and Loredo Valle, Skinner attested that it had produced all documents within its possession, custody, or control and referred Tacomania to the Spanish language agreements included in its production of documents.

In its responses to Tacomania's general form interrogatories, Skinner stated "it has written and recorded statements from . . . Loredo Valle and . . . Vea Castro, but not about the claims that [Skinner] is pursuing against [Tacomania]." In Skinner's responses to Tacomania's special interrogatories, Skinner stated that the last in-person meeting between Skinner, Vea Castro,

5

and Loredo Valle occurred in July 2022, and the last conversation between Skinner and the two men occurred in October 2022.

Skinner propounded on Tacomania document production requests that sought Loredo Valle's and Vea Castro's personnel files, employment agreements with Tacomania, wage statements and/or itemized statements, and time records. Tacomania objected to the requests on various grounds, including that the requests were "not relevant to the asserted claims and defenses of any party" in the instant matter. The record does not contain any discovery requests in which Skinner sought information or documents relating to the October 2022 negotiations and settlement between Tacomania and its former employees. Nor does the record indicate that Skinner took depositions of the individuals involved in those settlement discussions—namely, Flores, Romero, Loredo Valle, and Vea Castro.

On August 14, 2024, Tacomania filed a motion for summary judgment or in the alternative a motion for summary adjudication as to all three causes of action. Skinner opposed the motion and, after considering the parties' respective arguments and evidence, the trial court granted the motion for summary judgment. On appeal, Skinner challenges the trial court's grant of summary adjudication only as to the third cause of action for intentional interference with contractual relations.

On November 20, 2024, the trial court issued its written order granting the motion for summary judgment. With respect to the third cause of action, intentional interference with contractual relations, the court granted summary adjudication on the basis that Skinner was not able to demonstrate a triable issue of material fact with respect to the fourth (actual breach or disruption) and fifth (causation) elements of the tort.

6

The trial court determined that a triable issue of fact existed with respect to the second element of intentional interference with contractual relations because, although Tacomania did not know about the contingency fee agreements between Skinner and Tacomania's former employees, the evidence demonstrated Tacomania at least knew of an attorney-client relationship between Skinner and the two men and "[k]nowledge of the contractual relationship is enough."  (Citing *I-CA Enterprises, Inc. v. Palram Americas, Inc.* (2015) 235 Cal.App.4th 257, 290.)

In addressing Skinner's argument that settling "behind the plaintiff's attorney's back" was "tortious," the trial court observed that Skinner failed to support its argument with legal authority or facts and stated that "settling without attorneys is not independently wrongful."  However, the court noted that an independently wrongful act, while a required element of the first two causes of action, was not a required element for the third cause of action. Moreover, the court found that Tacomania's assertion that it "did not intend to interfere" with contractual relations by settling with its former employees was, by itself, insufficient to make a prima facie showing that Tacomania's actions were not designed to induce breach or disruption of the contractual relationship between Skinner and its former clients.

The trial court reasoned that, without an English language translation of the contingency fee agreements between Skinner, Loredo Valle, and Vea Castro, it could not determine whether actual breach or disruption of the contractual relationships between Skinner and the two men had occurred. The court concluded, by not providing a translated and authenticated version of the agreements, Skinner failed to meet its burden of to prove a triable issue of fact existed with respect to the fourth element.

With respect to the fifth element, the trial court determined that Skinner failed to offer any evidence of causation, but, rather, relied solely on the allegations set forth in its pleadings. The court found that the undisputed material facts established Tacomania "did not prevent or obstruct" Loredo Valle and Vea Castro from communicating with Skinner or performing their obligations under their contingency fee agreements with Skinner. It further found that Tacomania's actions in negotiating and settling with the two men were "an attenuated or even just a 'theoretical' factor" in Loredo Valle's and Vea Castro's breach of their agreements with Skinner. The court concluded that Skinner's argument that Tacomania caused the two men to breach their agreements with Skinner was "speculative at best and not enough to raise a triable issue of fact with respect to causation."

## II.  DISCUSSION

Skinner challenges the trial court's finding that it did not raise a disputed issue of material fact as to causation on its cause of action for intentional interference with contractual relations. Skinner contends the court failed to make all reasonable inferences in its favor but, instead, "strictly scrutiniz[ed]" Skinner's evidence and resolved all doubts in Tacomania's favor. Skinner maintains that, had the court made all such reasonable inferences in Skinner's favor, it would have reasonably concluded that Tacomania's settlement of its dispute with Loredo Valle and Vea Castro created a triable issue as to Tacomania's interference with Skinner's rights under its contingency fee agreements with the two men. In addition, Skinner asserts the court misapplied the law by applying a " 'but for' " rather than a

8

" 'substantial factor' " test[3] in concluding Skinner failed to establish a triable issue with respect to the causation element of the tort. Skinner also contends the court erred by requiring evidence of a breach of the subject agreements rather than assessing whether Tacomania's actions disrupted Skinner's contractual relations with Loredo Valle and Vea Castro.

Tacomania disputes Skinner's contentions of error.

*A. Summary Judgment*

1. <u>Legal Principles and Standard of Review</u>

Whether the trial court erred in granting a defendant's motion for summary judgment is a question of law we review de novo. (*Samara v. Matar* (2018) 5 Cal.5th 322, 338.)

Summary judgment is warranted where there are no disputed questions of material fact and the issues raised by the pleadings may be decided as a matter of law. (Code Civ. Proc.,[4] § 437c, subd. (c).) "In determining if the papers show that there is no triable issue as to any material fact, the court shall consider all of the evidence set forth in the papers, except the evidence to which objections have been made and sustained by the court, and all inferences reasonably deducible from the evidence." (*Ibid.*) However, the trial court shall not grant summary judgment "based on inferences reasonably deducible from the evidence if contradicted by other inferences or evidence that raise a triable issue as to any material fact." (*Ibid.*)

---

[3] Skinner argued conversely in the trial court, stating in its opposition to Tacomania's motion that Tacomania "misunderst[ood] the meaning of 'substantial factor' with respect to causation, which is the 'but for' test."

[4] All further unspecified statutory references are to the Code of Civil Procedure.

When reviewing an appeal after a motion for summary judgment has been granted, "we conduct the same procedure employed by the trial court. We examine (1) the pleadings to determine the elements of the claim, (2) the motion to determine if it establishes facts justifying judgment in the moving party's favor, and (3) the opposition—assuming movant has met its initial burden—to 'decide whether the opposing party has demonstrated the existence of a triable, material fact issue.' " (*Oakland Raiders v. National Football League* (2005) 131 Cal.App.4th 621, 630.) "The appellate court is not bound by the trial court's stated reasons for its ruling on the motion, as the appellate court reviews only the ruling and not its rationale." (*Bed, Bath & Beyond of La Jolla, Inc. v. La Jolla Village Square Venture Partners* (1997) 52 Cal.App.4th 867, 873, citing *California Aviation, Inc. v. Leeds* (1991) 233 Cal.App.3d 724, 730–731.)

Tacomania, as the party moving for summary judgment, bears the burden of persuasion that there is no triable issue of material fact and that it is entitled to judgment as a matter of law. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).) To meet its burden, the party requesting summary judgment has an initial burden of demonstrating that a cause of action lacks merit because one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action. (§ 437c, subd. (*o*); *Aguilar*, at p. 850; *Andrews v. Foster Wheeler LLC* (2006) 138 Cal.App.4th 96, 101 (*Andrews*).) The moving party "must 'support[]' the 'motion' with evidence including 'affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice' must or may 'be taken.' " (*Aguilar*, at p. 855, citing § 473c, subd. (b).)

10

If the moving party makes a prima facie showing that justifies judgment in its favor, the burden shifts to the opposing party to demonstrate the existence of a triable issue of one or more material facts as to the cause of action. (§ 437c, subd. (p)(2); *Aguilar*, *supra*, 25 Cal.4th at p. 849.)

In determining whether the parties have met their respective burdens, we " 'consider[] all the evidence set forth in the moving and opposition papers except that to which objections were made and sustained.' " (*State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, 1035.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, *supra*, 25 Cal.4th at p. 850.) "A party cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact." (*LaChapelle v. Toyota Motor Credit Corp.* (2002) 102 Cal.App.4th 977, 981 (*LaChapelle*).)

2. <u>Analysis</u>

"The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." (*Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1126.)

To prevail on its motion for summary judgment, Tacomania, as the moving party only needs "to 'show[] that one or more elements of the cause of action . . . cannot be established' by the plaintiff. [Citation.] In other words,

11

all that the defendant need do is to show that the plaintiff cannot establish at least one element of the cause of action—for example, that the plaintiff cannot prove element *X*.  Although he remains free to do so, the defendant need not himself conclusively negate any such element—for example, himself prove *not X*." (*Aguilar, supra*, 25 Cal.4th at pp. 853–854, fn. omitted.)  After reviewing the record de novo, we decide Tacomania has demonstrated that Skinner cannot prove the fifth element of its intentional interference with contractual relations cause of action.

The fifth element, that damage to Skinner resulted from Tacomania's actions, turns on causation.  "A cause of action for interference with contractual relations . . . require[s] the plaintiff to prove causation.  [Citations.]  'A cause of injury, damage, loss or harm is something that is a substantial factor in bringing about an injury, damage, loss or harm.' " (*Franklin v. Dynamic Details, Inc.* (2004) 116 Cal.App.4th 375, 391 (*Franklin*).)

Tacomania presented to the trial court undisputed material facts that it did not prevent Loredo Valle and Vea Castro from meeting with or paying Skinner.  In addition, Romero stated in his declaration in support of the motion for summary judgment that he did nothing to encourage the two men to evade their obligations under their agreements with Skinner.  Nor did Loredo Valle or Vea Castro discuss with Tacomania any plans "to breach their contingency fee agreement[s]" or "cut[] off communication with" Skinner.

On appeal, Tacomania argues Skinner "failed to offer any declaration, document, communication, or admissible testimony showing that [Tacomania]'s conduct caused" Loredo Valle and Vea Castro to breach their agreements with Skinner.  Tacomania observes that Skinner "conduct[ed] no

12

depositions" of the individuals who were present during the October 2022 settlement negotiations and "serv[ed] scant written discovery" to identify evidence to support its allegations in this matter. Tacomania asserts that Skinner instead "relied on pure assumption: that because a settlement occurred and no fee was paid, [Tacomania] must have caused the breach," and argues that conjecture is insufficient to overcome a motion for summary judgment.

Skinner admitted in its responses to Tacomania's interrogatories that it last spoke to Loredo Valle and Vea Castro in October 2022 and had no written or recorded statements from the two men regarding Skinner's claims against Tacomania. Nor does the record contain any such statements. In the record before us, the only discovery propounded by Skinner on Tacomania were document production requests that focused solely on Loredo Valle's and Vea Castro's employment and wage claims against Tacomania. Skinner's discovery request did not seek any documents pertaining to the October 2022 negotiations or settlement.

Tacomania has demonstrated that Skinner "does not possess, and cannot reasonably obtain, needed evidence" to support its argument that Loredo Valle and Vea Castro chose not to pay Skinner because they settled with Tacomania, and, therefore, that Skinner cannot establish the causation element of its cause of action. (*Aguilar*, *supra*, 25 Cal.4th at p. 854; see also *Union Bank v. Superior Court* (1995) 31 Cal.App.4th 573, 592–593 [shifting burden to the plaintiff where plaintiffs' discovery responses indicated they had no evidence to support elements of their cause of action].) Therefore, Tacomania made a prima facie showing that the evidence did not support a triable issue of fact with respect to the causation element of intentional interference with contractual relations, shifting the burden to Skinner.

To overcome Tacomania's prima facie showing and establish a triable issue of material fact on the causation element, Skinner would need to provide evidence demonstrating that Tacomania's negotiation and settlement with Loredo Valle and Vea Castro was a substantial factor in causing the breach of the contingency fee agreements or the disruption of Skinner's contractual relations with Loredo Valle and Vea Castro. (*Tribeca Companies, LLC v. First American Title Ins. Co.* (2015) 239 Cal.App.4th 1088, 1103; *Franklin, supra*, 116 Cal.App.4th at p. 391.) Although "[t]he term 'substantial factor' has not been judicially defined with specificity" (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 969), "a force which plays only an 'infinitesimal' or 'theoretical' part in bringing about injury, damage, or loss is not a substantial factor." (*Ibid.*; see also *Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205–1206 [" 'A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.' "].)

Skinner maintains that the trial court should have made a "reasonable inference" that Tacomania's settlement of the underlying dispute with Loredo Valle and Vea Castro without notice to Skinner "after having ignored" Skinner's letters was a substantial factor that caused Skinner's injury. Skinner asserts that, because the court failed to make such a "reasonable inference," it erred in determining that there was no triable issue of material fact with respect to causation. Skinner asks, "if [Tacomania] did not intend to interfere with [Skinner]'s contractual relations, why did they repeatedly ignore [Skinner]'s correspondence?"

We are not persuaded. Whether Tacomania "ignored" the letters requesting Loredo Valle's and Vea Castro's personnel records is not

reasonably connected to the two men's alleged breaches of their respective agreements with Skinner. Whether Tacomania intended to interfere with Skinner's contractual relationship with the two men, while pertinent to the third element of intentional interference with contractual relations, is not germane to the causation element.

In its opposition to Tacomania's motion, Skinner argued that "[b]ut for" Tacomania's settlement payments to Loredo Valle and Vea Castro, Skinner would not have been harmed. It suggested that settling "behind [their] attorney's back" incentivized Loredo Valle and Vea Castro to breach their payment obligations under their contingency fee agreements with Skinner. Skinner similarly argues on appeal that Tacomania's act of settling with the two men was a substantial factor in causing the men to breach their payment obligations to Skinner.

Skinner does not support its arguments with any evidence in the record. Skinner neither sought (through discovery requests or depositions) nor presented statements from Flores, Romero, Loredo Valle, and Vea Castro regarding the substance of their settlement discussions. In addition, Skinner admitted to not having any statements from Loredo Valle and Vea Castro regarding the substance of Skinner's allegations in the instant matter. Skinner therefore has failed to elicit any evidence of the reason(s) behind Loredo Valle's and Vea Castro's decision(s) not to pay Skinner. Skinner relies solely on its argument that "common sense" dictates that a triable issue of fact exists regarding causation.

Skinner "cannot avoid summary judgment" by relying on assertions not supported by admissible evidence in the record. (*LaChapelle*, *supra*, 102 Cal.App.4th at p. 981; *Andrews*, *supra*, 138 Cal.App.4th at p. 101 [" ' "The plaintiff . . . may not rely upon the mere allegations or denials of its pleadings

15

to show . . . a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists." ' "]; see also *Aguilar*, *supra*, 25 Cal.4th at p. 864 ["Speculation . . . is not evidence."].) Skinner thus failed to meet its burden of demonstrating the existence of a triable material fact.

We are also not persuaded by Skinner's reliance on the decision of the California Supreme Court in *Herron v. State Farm Mutual Ins. Co.* (1961) 56 Cal.2d 202 (*Herron*). As the *Herron* decision made clear, an intentional interference with contractual relations, including in a contingent fee agreement, may lie where there is evidence that "defendants induced the [contracting party] to repudiate the contract and deprive plaintiffs of its benefits." (*Id.* at p. 206.) The *Herron* court based its conclusion on evidence that the defendants told the plaintiffs' clients "that they did not need an attorney and that a satisfactory settlement would be made" and "assisted [the plaintiffs' clients] in preparing letters which informed plaintiffs of their dismissal." (*Id.* at p. 205.) The *Herron* court distinguished cases involving clients settling without the consent of their attorneys where there was no evidence the clients were "induced, as a means of obtaining the settlements, to repudiate the contracts with their attorneys and to refuse to pay them." (*Id.* at p. 206.)

Here, as in the cases distinguished by the *Herron* court, Skinner has presented no evidence that Tacomania caused Loredo Valle and Vea Castro "to repudiate the contracts with their attorney[] and to refuse to pay them." (*Herron*, *supra*, 56 Cal.2d at p. 206.) Therefore, *Herron* does not assist Skinner.

We affirm the trial court's grant of summary adjudication to Tacomania of the third cause of action. As Skinner does not challenge any other aspect of the summary judgment ruling, we affirm the trial court's judgment.

*B. Motion for Sanctions*

Tacomania seeks sanctions against Skinner and its owner, Thomas P. Skinner, in the amount of $17,850 in attorney fees for time spent responding to Skinner's appeal and preparing the motion for sanctions. Tacomania contends Skinner brought a frivolous appeal without "colorable basis in law or fact." (Boldface & capitalization omitted.) Tacomania asserts Skinner pursued the appeal to "generate attention," "extract leverage," and "prolong litigation" to the emotional, reputational, and financial detriment of Tacomania.

"Whether to impose appellate sanctions is a matter within our discretion. [Citation.] Under section 907 and California Rules of Court, rule 8.276(a)(1), we may award sanctions when an appeal is frivolous and taken solely to cause delay." (*Citizens for Amending Proposition L v. City of Pomona* (2018) 28 Cal.App.5th 1159, 1194.) "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) "The two standards are often used together, with one providing evidence of the other. Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay." (*Id*. at p. 649.) Furthermore, to avoid chilling the assertion of a litigant's rights on appeal, the sanctions power "should be used most sparingly to deter only the most egregious conduct." (*Id*. at p. 651.)

17

Having reviewed the record and arguments of the parties, we conclude the threshold for imposing sanctions has not been reached in this case. However, our decision is a close one. While Skinner engaged in sanctionable misuse of discovery procedures (as discussed in greater detail in *The Skinner Law Group v. Tacomania, Inc.* (May 12, 2025, H052084)) and failed to adequately support its allegations against Tacomania, we do not agree that Skinner's motives were clearly improper and decline to exercise our discretion to impose sanctions. We therefore deny Tacomania's motion for sanctions.

## III. DISPOSITION

The judgment is affirmed. Respondents are entitled to their reasonable costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____
              Danner, J.


WE CONCUR:




_____
Greenwood, P. J.




_____
Bromberg, J.




**H052898**
***The Skinner Law Group v. Tacomania, Inc., et al.***